IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                                 Criminal No.: 2:15cr149

**MEGAN GARTON,**

            **Defendant.**

## POSITION OF DEFENDANT ON SENTENCING

COMES NOW the Defendant, Megan Garton, by counsel, in accordance with Rule 32 of the Federal Rules of criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing Order, and hereby represent that the Defendant has reviewed the Probation Office's Pre-Sentence Report and sets forth the following as her position on sentencing:

## NO OBJECTIONS TO PRE-SENTENCE REPORT

After consultation with my client and after a review of the Pre-Sentence Report Ms. Garton stipulates there are no factors or facts material to guideline computations in dispute.

## SECTION 3553 FACTORS

As the Supreme Court has long recognized, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). With the

United States Sentencing Guidelines now rendered "advisory only," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a case, "the Guidelines are not the only consideration." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). See *Kimbrough*, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court "*shall impose a sentence sufficient, but not greater than necessary*" to meet specified sentencing goals, including the goal of just punishment. 18 U.S.C. § 3553. In determining the minimally sufficient sentence, §3553 directs sentencing courts to consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of Ms. Garton,

(2) the need for the sentence imposed;

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of Ms. Garton; and

    (D) provide Ms. Garton with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for [the offense];

(5) any pertinent policy issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense,

18 U.S.C. Section 3553.

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597. Moreover, the Supreme Court has specifically ruled that, in balancing the §3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." Kimbrough, 128 S. Ct. at 564. See Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or [that] the case warrants a different sentence regardless.")

Other statutes also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that

imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added).  In sum, in every case, a sentencing court must consider *all* of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

**The Need for the Sentence Imposed to Reflect the Seriousness of the Offense Promote Respect for the Law, to Provide Just Punishment and to Afford Adequate Deterrence to Criminal Conduct**

Mr. Garton certainly understands the seriousness of her offenses and the harm that resulted from her actions.  For the majority of Ms. Garton's adult life she has been a hard working individual that maintains steady employment.  Unfortunately, Ms. Garton appears to suffer from depression.  Further, it appears from her background that Ms. Garton turned to drug use in order to self medicate the effects of her depression and artificially enhance her low self-steam.

All of the foregoing led to her addiction to heroin during the timeframe of her involvement in this wrongful conduct.  Since her arrest, she has been keenly aware of her serious mistakes in judgment and becoming involved in the abuse of heroin and misconduct by not only abusing the drug, but becoming involved in the sale of heroin.  After her arrest, she immediately accepted responsibility for her offense.  She started assisting authorities in the prosecution of her own misconduct and promptly entered a plea of guilty.

Ms. Garton's personal characteristics and her positive actions since her arrest all signify that she is a very low risk ever again to engage in any type of criminal or drug related conduct.  Ms. Garton is a non-violent first time felony

4

offender who has demonstrated significant remorse and acceptance of responsibility. Ms. Garton is currently employed, and has a very loving and substantial family support system. These factors, along with all of Ms. Garton's positive characteristics and actions since her arrest confirm that a below-guidelines sentence is a just punishment and is more than sufficient to deter future unlawful conduct.

### Evidence at Sentencing

Pursuant to paragraph 8 of the Sentencing Procedures Order in this case, the defense may call as witnesses Mary Beth Gibson (mother) and the Defendant, Megan Garton, to explain the underlying reasons that lead to Defendant's wrongful conduct. More importantly, Ms. Gibson and the Defendant may explain the positive steps and attitude changes Ms. Garton has undertaken to better herself

### CONCLUSION

For the reasons set forth above, the Defendant, Megan Garton, by counsel, respectfully submits that a sentence below the guideline range, will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully Submitted,

MEGAN GARTON

By Counsel

_____/s/_____
John O. Venner, Esquire
VSB# 23231
Counsel for Megan Garton
1397 Laskin Road
Virginia Beach, VA  23451

(757) 491-6888
(757) 422-0061
jov3330@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alyssa Nichol
Assistant U.S. Attorney
101 West Main Street
Suite 8000
Norfolk, VA  23510
(757) 441-6331

Further, I hereby certify that on the 19th day of May, 2016, I caused a true and correct copy of the foregoing Motion to be mailed/faxed to the following persons:

Alyssa Nichol                       Amber Kidd
Assistant U.S. Attorney             United States Probation Officer
101 West Main Street                600 Granby Street, Suite 200
Suite 8000                          Norfolk, VA  23510
Norfolk, VA  23510                  (757) 222-7300
(757) 441-6331

_____/s/_____
John O. Venner, Esquire
VSB# 23231
Counsel for Megan Garton
1397 Laskin Road
Virginia Beach, VA  23451
(757) 491-6888
(757) 422-0061
jov3330@aol.com