UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15cr149-002 |
| | ) | |
| MEGAN GARTON, | ) | Sentencing Date: May 31, 2016 |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S POSITION ON SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Alyssa Nichol and John F. Butler, Special Assistant United States Attorneys, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined an applicable advisory guidelines range of 24 to 30 months' imprisonment based on a Criminal Offense Level of 17 and a Criminal History Category of I. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and conferred with the United States Probation Officer assigned to this matter and with defense counsel. There are no outstanding objections.

For the reasons outlined below, the United States respectfully submits that a sentence at the high end of the guidelines range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

1

**I.     Motion**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b) and based upon the terms of the binding plea agreement in this case, to grant a one-level reduction in the defendant's offense level for acceptance of responsibility. The defendant timely notified the United States of her intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The government notes that the additional one-level reduction already has been incorporated into the Total Offense Level calculated in the PSR.

**II.    Background**

The defendant, Megan Garton, pleaded guilty to one count of Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846. From July 2014 through July 2015, the defendant conspired with her then-boyfriend, and co-defendant, Gregory Hatt, to distribute heroin out of a residence on Dylan Drive in Virginia Beach, Virginia. The defendant was an integral part of the conspiracy. She routinely went with Hatt to purchase heroin from suppliers, measured the heroin for distribution, and provided it to buyers in exchange for money. When Hatt was not present, she distributed heroin on her own.

In February 2015, she distributed heroin to Breanna McManus, the wife of an active duty U.S. Navy sailor, Donald McManus. Breanna McManus smuggled the heroin she bought from the defendant on board the USS Bush aircraft carrier, which was in port at Naval Station Norfolk. Breanna McManus provided the heroin to her husband as well as to another Navy sailor. Both Donald McManus and the other Navy sailor overdosed from the heroin. Emergency medical personnel were able to revive both sailors.

Gregory Hatt and the defendant kept multiple firearms and various drug paraphernalia in their home. They kept a loaded sawed-off shotgun next to their bed. Although the parties understood that the shotgun belonged to Gregory Hatt, they kept the weapon next to their shared bed in their shared bedroom.

On June 3, 2015, the defendant sold approximately 0.85 grams of heroin laced with fentanyl to an undercover Special Agent with the Naval Criminal Investigative Service (NCIS). The sale took place in a shopping center on Kempsville Road in Virginia Beach, Virginia. On July 24, 2015, law enforcement agents with NCIS and the Virginia Beach Police Department executed a search on the defendant's residence on Dylan Drive in Virginia Beach, Virginia. Agents seized: approximately 36.6 grams of heroin, approximately 17 grams of cocaine, six firearms (including the sawed-off shotgun), digital scales, syringes, and a machine press. On December 1, 2015, the defendant waived her right to indictment and pleaded guilty before the Court to a one-count criminal information charging her with Conspiracy to Distribute a Heroin, in violation of 21 U.S.C. § 846.

### III. Position on Sentencing and Argument

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264. The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (quoting 28 U.S.C. § 991(b)(1)(B)). In its recent decision in *Molina-Martinez v. United States*, the Court emphasized the role the guidelines play in achieving "[u]niformity and proportionality in sentencing," and noted that "the Guidelines are not only the starting point for most federal

sentencing proceedings but also the lodestar." 578 U.S. ___, ___ (2016) (slip op., at 3, 10). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

1. *Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote the Respect for Law, and to Provide Just Punishment for the Offense (Section 3553(a)(2)(A))*

A sentence at the high end of the Sentencing Guidelines in this case is necessary to reflect the seriousness of the defendant's offense, to promote respect for the law, and to provide just punishment for the offense. The defendant continually distributed heroin over the course of a year, together in a conspiracy with her then-boyfriend, and co-defendant, Gregory Hatt. This is not a case where a defendant participated minimally in a conspiracy or distributed narcotics on one or two occasions. The defendant made her living by distributing heroin. By participating in

4

that conspiracy, the defendant distributed a potentially lethal narcotic into the local community. Indeed, two overdoses resulted from her distribution, both of which took place on an aircraft carrier where our nation's national security is at stake. The Court must impose a sentence consistent with the dangerous and prolonged nature of the defendant's actions.

2. *Need to Afford Adequate Deterrence and Protect Public from Further Crimes (Section 3553(a)(2)(B)-(C))*

   At a time when Virginia and the United States as a whole face a heroin overdose epidemic, it is appropriate to send a deterrent message that there is no tolerance for dealing this lethal poison, that choosing to do so puts those suffering from addiction in mortal peril, and that a serious sentence will result. According to the Justice Department's National Heroin Task Force, heroin overdoses increased 406% from 2006 to 2014. NATIONAL HEROIN TASK FORCE FINAL REPORT AND RECOMMENDATIONS at 5 (December 31, 2015). In 2014, more than 10,500 people died from overdoses involving heroin. *Id.* The National Heroin Task Force recommends a multi-faceted approach to combating this public health crisis, including but not limited to the prosecution of heroin distributors whose product results in overdoses. *Id.* at 12. Imposing a strong sentence of imprisonment for the defendant would serve the important purpose of deterring her from future crime and other individuals from engaging in such dangerous conduct.

3. *Avoiding Unwarranted Sentence Disparities (Section 3553(a)(6))*

   The defendant's co-conspirator, Gregory Hatt, was sentenced to 35 years in prison for Distribution of Heroin Resulting in Death. *United States v. Hatt*, 2:15cr143. The defendant, Megan GARTON, was not directly involved in the distribution that resulted in death. Gregory Hatt also had a significant criminal history involving three prior drug convictions, whereas this is the defendant's first conviction involving narcotics. For these reasons, the defendant deserves a

far lesser sentence than her co-defendant, but still a stiff sentence at the high end of her advisory guideline range.

Donald and Breanna McManus were sentenced to 18 and 15 months, respectively, for conspiring to distribute heroin on board the USS Bush aircraft carrier. This was the heroin that the defendant, distributed to them. *United States v. McManus*, 2:15cr109. While the McManus' conduct was egregious in that they actually smuggled heroin onto a Navy warship, the evidence does not indicate that they distributed heroin on any other occasion. The defendant, on the other hand, distributed heroin on a routine basis for approximately one year, including the heroin that the McManus' brought on board the aircraft carrier. She deserves a far greater sentence than those imposed on Donald and Breanna McManus.

4. *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (Section 3553(a)(1))*

The PSR indicates that the defendant, Megan Garton, grew up in a stable home with a good family. Nothing in the defendant's personal history justifies a downward variance from the advisory Sentencing Guidelines in this case.

**IV. Conclusion**

Based on the foregoing, the United States requests that this Court impose a term of imprisonment at the high end of the sentencing guideline range in this case, which will be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

DANA BOENTE
UNITED STATES ATTORNEY

      By:      /s/
Alyssa Nichol
John F. Butler
Special Assistant United States Attorneys
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-6331
Facsimile: (757) 441-3205
E-mail:    Alyssa.Nichol@usdoj.gov
             John.F.Butler@usdoj.gov

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 24th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

John O. Venner, Esquire<br>
VSB# 23231<br>
Counsel for Megan Garton<br>
1397 Laskin Road<br>
Virginia Beach, VA 23451<br>
(757) 491-6888<br>
(757) 422-0061<br>
jov3330@aol.com

            /s/
           Alyssa Nichol
           Special Assistant United States Attorney
           Attorney for the United States
           United States Attorney's Office
           101 West Main Street, Suite 8000
           Norfolk, Virginia 23510
           Telephone: (757) 441-3554
           Facsimile: (757) 441-3205
           E-mail: Alyssa.Nichol@usdoj.gov